UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ALEXANDER MANGANI,

    Plaintiff,                                 DEMAND FOR JURY TRIAL

-vs-                                          Case No.
                                                 Hon.

BRIGHTON MOTORS, LLC, *and*
ALLY FINANCIAL INC.,

    Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Alexander Mangani who resides in Brighton, Michigan in Livingston County.

1

4. The first-named Defendant to this lawsuit is BRIGHTON MOTORS, LLC ("BMLLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the BUREAU OF REGULATORY SERVICES, BUSINESS LICENSING AND REGULATION DIVISION, STATE OF MICHIGAN, CASHIER'S UNIT, 7064 CROWNER DR., DIMONDALE, MI 48821.

5. The second-named Defendant to this lawsuit is ALLY FINANCIAL INC. which is a corporation doing business in Michigan and which may be served through its resident agent, THE CORPORATION COMPANY, at 40600 ANN ARBOR RD E STE 201, PLYMOUTH, MI 48170.

6. At all relevant times BMLLC – in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

7. BMLLC is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

8. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, ALLY FINANCIAL INC. is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

## VENUE

9. The transactions and occurrences which give rise to this action occurred in Livingston County.

10. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

11. On or about August 11, 2023, Plaintiff purchased a certain 2016 Ram 1500 SLT, VIN 1C6RR7GT1GS280927 ("the vehicle") from BMLLC and BMLLC extended credit to Plaintiff as evidenced in the retail installment contract.

12. The retail installment contract is currently held by ALLY FINANCIAL INC.

13. In an effort to defraud the Plaintiff, BMLLC failed to provide the Plaintiff with a copy of the retail installment contract which he could have and keep prior to consummation of transaction for the sale and finance of the vehicle.

14. As a result of this failure to provide disclosures prior to consummation of the transaction, BMLLC conned the Plaintiff into agreeing to purchase three "soft

add-ons" which the Plaintiff did not ask for and which the Plaintiff did not want and which the Plaintiff would never have purchased had he known they were being added to the contract; specifically, BMLLC slipped two service contracts – one for $4,500,.00 and another for $1,500.00 – into the contract unbeknownst to the Plaintiff, and also charged the Plaintiff $1,798.00 for "dealer prep" which the Plaintiff did not ask for nor agree to and which did not benefit the Plaintiff in any way, which added no parts nor labor to the vehicle, which was never disclosed to the Plaintiff and the Plaintiff would never have agreed to, had he had the opportunity for a meaningful review of the retail installment contract.

15. Upon information and belief, BMLLC failed to itemize the $1,798.00 "dealer prep" charge, but instead rolled it into the cash price of the vehicle.

16. The dealer prep charge was for absolutely nothing and it was a way for BMLLC to increase the cash price on a vehicle which was being financed.

17. Upon information and belief, BMLLC regularly adds a "dealer prep charge" to the cash price of the vehicle for customers who choose to finance their vehicles.

18. After consummation of the credit transaction, BMLLC did not provide the Plaintiff with every page of the retail installment contract as required under Michigan law.

19. Plaintiff asked BMLLC in writing to refund the $7,798.00, however, BMLLC refused to return the dealer prep fee.

20. Plaintiff suffered actual damages as a result of the acts and omissions set forth herein in the amount of $1,798.00.

21. Plaintiff is also entitled to his costs, attorney fees, and $2,000.00 statutory damages under 15 U.S.C. § 1640(a).

## COUNT I -- Truth In Lending Act

### (BMLLC)

22. Plaintiff incorporates the preceding allegations by reference.

23. BMLLC was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

24. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

25. BMLLC failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

26. By failing to provide Plaintiff with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

27. BMLLC failed to accurately disclose the cash price of the vehicle.

28. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

29. BMLLC improperly itemized a charge in the amount of $1,798 for dealer prep as an amount financed when in fact that charge was a finance charge within the meaning of Reg Z § 226.4.

30. BMLLC failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

31. BMLLC failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

32. As a consequence of failing to accurately state the actual finance charge, BMLLC also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

33. BMLLC failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

34. By falsely and inaccurately misstating the APR, finance charge, and amount financed due to the inflation of the purchase price of the vehicle, BMLLC violated 15 U.S.C § 1638(a)(3), entitling Plaintiff to recover statutory damages under 15 U.S.C. § 1640.

35. BMLLC is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## COUNT II -- Violation of Michigan Consumer Protection Act

## (BMLLC & ALLY FINANCIAL INC.)

36. Plaintiff incorporates the preceding allegations by reference.

37. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, ALLY FINANCIAL INC. is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

38. BMLLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

39. BMLLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L. § 445.903, including but not

limited to the following:

a. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

b. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

c. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

d. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

e. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

f. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

 g. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

 h. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

 i. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

 j. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

    k.    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

40.    Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT III — Motor Vehicle Sales Finance Act
### (BMLLC & ALLY FINANCIAL INC.)

41.    Plaintiff incorporates the preceding allegations by reference.

42.    Under M.C.L. § 492.114a and pursuant to the express terms of the contract, ALLY FINANCIAL INC. is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

43.    BMLLC failed to provide the Plaintiff with a true copy of the retail installment contract as required by M.C.L. § 492.101 *et seq.*

44.    Plaintiff suffered the damages set forth above by reason of the BMLLC's violations of the MVSFA.

### COUNT IV — Motor Vehicle Installment Sales Contract Act
### (BMLLC & ALLY FINANCIAL INC.)

45.    Plaintiff incorporates the preceding allegations by reference.

46. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, ALLY FINANCIAL INC. is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

47. BMLLC failed to provide the Plaintiff with a true copy of the retail installment contract as required by as required by M.C.L. § 566.302 *et seq*.

48. Plaintiff suffered damages in the amount of the finance charge imposed.

## JURY DEMAND

49. Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, statutory damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:  /s/ Adam G. Taub
     Adam G. Taub (P48703)
     Attorney for Alexander Mangani
     17200 West 10 Mile Rd. Suite 200
     Southfield, MI 48075
     Phone:  (248) 746-3790
     Email:  adamgtaub@clgplc.net

Dated: November 21, 2023